IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABRAHAM J. MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 04-104-KAJ |
| | ) | |
| ROBERT J. O'NEILL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Plaintiff Abraham J. Martinez ("Martinez") brings this civil rights action pursuant to 42 U.S.C. §1983. He appears *pro se* and on March 1, 2004, was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 7). At the time of the filing of his complaint, Martinez was incarcerated at the Morris Correctional Community Center ("MCCC"), Dover, Delaware.

Martinez's complaint is dismissed as frivolous as to the claims brought against Deputy Attorneys General Robert J. O'Neill, Jason Cohee, M. Jane Brady, Court Commissioner Joseph W. Maybee, and Judge William H. Vaughn. The malicious prosecution claims are also dismissed as frivolous.

Martinez has raised cognizable Fourth Amendment claims against Defendants Jason M. Pires, David Boney, Anthony Digirolomo, Officer Sealund, Doug Watts and Officer McLeary.

I.  **THE COMPLAINT**

Martinez alleges that on January 8, 2003, Defendants Probation and Parole Officers Doug Watts ("Watts") and McLeary ("McLeary"), and Police Officers Sealund ("Sealund") and Anthony Digirolomo ("Digirolomo") conducted an unlawful search and seizure, unlawfully arrested Martinez, and conducted an unlawful search incident to arrest. (D.I. 3). He also alleges that Digirolomo, Detectives David Boney ("Boney") and Jason M. Pires ("Pires"), Sealund, Watts and McLeary lacked probable cause to both believe that a crime had been committed, and to arrest him.

Martinez further alleges that Pires, Boney, Digirolomi, Sealund, Deputy Attorneys General Robert J. O'Neill ("O'Neill"), Jason Cohee ("Cohee"), and Attorney General M. Jane Brady ("Brady"), Court Commissioner Joseph W. Maybee ("Commissioner Maybee") and Judge William H. Vaughn ("Judge Vaughn") engaged in malicious prosecution.

Martinez seeks expungement of his criminal judgment of conviction, compensatory and punitive damages, and damages for emotional distress.

II.  **STANDARD OF REVIEW**

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When the litigant is a prisoner, 28 U.S.C. § 1915A provides for screening by the Court of civil complaints. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may

be granted or seeks monetary relief from a defendant immune from such relief.[1] An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

When reviewing complaints pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), the court applies the standard of review set forth in Fed.R.Civ.P. 12(b)(6). *See Neal v. Pennsylvania Bd. of Prob. & Parole*, No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as appropriate standard for dismissing claims under § 1915A). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

### A. Habeas Claim

To the extent that Martinez attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Furthermore, a plaintiff

---

[1]Section 1915(e)(2)(B) authorizes the court to dismiss an *in forma pauperis* complaint at any time, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. Section 1915A(a) requires the court to screen prisoner complaints seeking redress from governmental entities, officers or employees before docketing, if feasible and to dismiss those complaints falling under the categories listed. § 1915A(b)(1).

3

cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See *Heck v. Humphrey,* 312 U.S. 477, 487 (1994). Here, Martinez has not alleged that his conviction or sentence was reversed or invalidated, as required by *Heck.* To the extent Martinez seeks damages for his current incarceration, his claim rests on an "inarguable legal conclusion" and is, therefore, frivolous. *Neitzke,* 490 U.S. at 326.

### B. Malicious Prosecution

Martinez makes the general allegation that all the defendants engaged in malicious prosecution. To succeed on a malicious prosecution claim under 42 U.S.C. § 1983, Martinez must show that (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the proceeding was instituted without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing him to justice; and (5) he suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. See *Estate of Smith v. Marasco,* 318 F.3d 497, 521 (3d Cir. 2003).

The claim fails for the simple reason that the complaint does not allege that the criminal proceeding ended in Martinez's favor. The malicious prosecution claim lacks an arguable basis in law or in fact and is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## C. Judicial Immunity

Martinez's claims against Judge Vaughn and Commissioner Maybee also fail. Judges[2] are absolutely immune from suits for monetary damages and such immunity cannot be overcome by allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Furthermore, judicial immunity can only be overcome if the judge has acted outside the scope of his judicial capacity or in the "complete absence of all jurisdiction." *Id.* at 11-12. Here, Martinez makes the general allegation that Judge Vaughn and Commissioner Maybee "exercised unfettered and unchecked discretion in maliciously prosecuting" him. The complaint contains no allegations that either Judge Vaughn or Commissioner Maybee acted outside the scope of their judicial capacity or in the absence of their jurisdiction. *Mireles*, 502 U.S. at 11.

Judge Vaughn and Commissioner Maybee are immune from suit for monetary liability under 42 U.S.C. § 1983. Accordingly, Martinez's claim against them lacks an arguable basis in law or in fact and is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## D. Absolute Immunity

As prosecutors, Defendants Deputy Attorneys General Robert J. O'Neill, Jason Cohee and M. Jane Brady have absolute immunity for all activities relating to judicial proceedings. *See Imbler v. Pachtman*, 424 U.S. 409 (1976). Indeed, prosecutors are absolutely immune for all actions performed in a "quasi-judicial" role. *Id.* at 430. The Third Circuit has defined the scope of absolute immunity for prosecutors as follows:

---

[2] Court Commissioners are deemed judicial officers. Del. Code Ann. tit. 10, §§ 1315-1316 (2005).

> This includes activity taken while in court, such as the presentation of evidence or legal argument, as well as selected out of court behavior "intimately associated with the judicial phases" of litigation. *See id; Fry [v. Melaragno]*, 939 F.2d [832, 838, (9th Cir. 1991)] (activity occurring as part of presentation of evidence is absolutely protected). By contrast, a prosecutor acting in an investigative or administrative capacity is protected only by qualified immunity. *Imbler*, 424 U.S. at 430-31.

*Giuffre v. Bissell*, 31 F.3d 1241, 1251 (3d Cir. 1994) (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992)). A prosecutor's decision whether to initiate a prosecution is protected by absolute immunity because that decision "is at the core of a prosecutor's judicial role." *Kulwicki*, 969 F.2d at 1463-64 (citing *Imbler*, 424 U.S. at 430-31).

Here, Martinez merely alleges that these three attorneys engaged in malicious prosecution. Martinez presented no facts to support this allegation. Consequently, Martinez's claims against O'Neill, Cohee, and Brady have no arguable basis in law or in fact. The claims against them are frivolous and are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### E. Emotional Duress

Martinez seeks special or exemplary damages for extreme emotional duress. Section 1997e(e) of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), prohibits compensatory damages for mental or emotional injury, absent allegations of physical injury. *Allah v. Al-Hafeez*, 226 F.3d 247, 251 (3d Cir. 2000). Therefore, Martinez's claim for compensatory damage for extreme emotional duress is barred by § 1997e(e). *See id.* at 252.

### IV. CONCLUSION

IT IS THEREFORE ORDERED as follows:

1.   that Abraham M. Martinez's complaint is DISMISSED without prejudice as frivolous as to the claims brought against Defendants Robert J. O'Neill, Jason Cohee, M. Jane Brady, Commissioner Joseph W. Maybee, and Judge William H. Vaughn;

2.   that the malicious prosecution claim is DISMISSED without prejudice as frivolous; and

3.   that Abraham M. Martinez's claim for compensatory damages as a result of emotional duress is BARRED pursuant to 42 U.S.C. § 1997e(e).

IT IS FURTHER ORDERED that Abraham M. Martinez has raised what appear at this point to be cognizable Fourth Amendment claims against Defendants Jason M. Pires, David Boney, Anthony Digirolomo, Officer Sealund, Doug Watts and Officer McLeary. He is allowed to PROCEED with those claims.

_____
UNITED STATES DISTRICT JUDGE

December 6, 2005
Wilmington, Delaware