HPS-4 (November 2005) NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4682

IN RE: ABRAHAM J. MARTINEZ,
Petitioner

On a Petition for Writ of Mandamus from the
United States District Court for the
District of Delaware
(Related to D. Del. Civ. No. 04-cv-104)

Submitted Under Rule 21, Fed. R. App. P.
November 4, 2005

BEFORE: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(Filed: February 1, 2006)

OPINION

PER CURIAM.

Pro se petitioner Abraham Martinez seeks a writ of mandamus to compel the United States District Court for District of Delaware to effect service of process in his civil rights suit, pursuant to 28 U.S.C. § 1915(d), and to rule on his motion for the appointment of counsel.

The writ of mandamus is an extraordinary remedy, which is justified only in the presence of exceptional circumstances. Kerr v. United States District Court, 426 U.S. 394, 402 (1976). In order to demonstrate the existence of exceptional circumstances, a petitioner must show that he has no other adequate means of obtaining relief and that he has a clear and indisputable right to issuance of the writ. Id. at 403.

In an order entered December 6, 2005, the District Court – acting pursuant to 28 U.S.C. § 1915A – dismissed as frivolous all except the Fourth Amendment claims in Martinez's complaint. Also on that date, the District Court entered an order denying without prejudice Martinez's motion for the appointment of counsel and an order requiring Martinez either to pay the remaining amount of the filing fee or to submit a new application to proceed in forma pauperis within 14 days, or his case would be dismissed without prejudice. On January 4, 2006, the District Court dismissed the complaint without prejudice, because Martinez had failed to either pay the remaining filing fee or return the required in forma pauperis forms within the deadline. In light of the District Court's orders, Martinez's petition for a writ of mandamus will be denied as moot.